IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| OPRAH INGRAM, | * | |
| Plaintiff, | * | |
| v. | * | |
| REGAL CINEMA THEATER et al., | * | 1:15-cv-146 |
| Defendants. | * | |

**O R D E R**

This case comes before the Court on Defendants' Motion to Dismiss. Because Plaintiff has sued only private persons and does not allege that the government infringed her constitutional rights, this case is dismissed for failure to state a claim.

**I.   BACKGROUND**

Plaintiff Oprah Ingram filed this action under 42 U.S.C. § 1983 against the following defendants: (1) Amy Miles, CEO of Regal Cinemas, Inc.; (2) Ron Rippo the General Manager of the Regal Cinemas August Exchange Stadium 20 ("Regal Augusta"); (3) an unknown female employee of Regal Augusta; (4) Noah Berkson, the General Manager of Regal Cinemas Atlantic Station 18 IMAX ("Regal Atlantic Station"); and (5) Tienna, an employee of Regal Atlantic Station. (Compl., Doc. 1, at 2). The caption of

Plaintiff's Complaint also includes Regal Cinema Theater,[1] but Regal Cinema Theater is not listed as a defendant in the body of the Complaint. (Id.)  Plaintiff alleges violation of her constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. (Id.)

According to Plaintiff's Complaint, she and her husband visited Regal Augusta on Augusta 25, 2015. (Id.)  After purchasing their tickets, an unknown theater employee informed Plaintiff that her purse "needed to be searched for security purposes." (Id. at 3).  The theater employee confiscated food and candy found during the search. (Id.)  Undeterred by Regal Augusta's conduct, Plaintiff and her husband again attended the movies, this time at Regal Atlantic Station. (Id.).  Once again, the theater attendant, Defendant Tieanna on this occasion, allegedly stopped Plaintiff, searched her bag, and confiscated food and candy. (Id.)

Plaintiff alleges that neither theater location searches men, and, further, that neither theater gave notice to Plaintiff that would "allow [her] to reserve her right to privacy." (Id.)  She further alleges that Regal Augusta and Regal Atlantic Station employees, working at direction of the Regal General Managers and Regal CEO Amy Miles, violated Plaintiff's "rights

---

[1] In Defendants' motion to dismiss, they indicate that the accurate name of the business entity is Regal Cinemas, Inc. (Doc. 7 at 1).

2

to be free from unreasonable search and seizure," and that they did so under "the ruse of a safety concern" under the aim of searching for non-threatening items and profiling women. (Id.)

On October 29, 2015, the four named Defendants moved to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. 7). Defendants argue that Plaintiff failed to plead facts sufficient to establish that Defendants acted under color of state law. (Id. at 2-5). Plaintiff filed a short response in opposition to dismissal on November 16, 2015. (Doc. 8). Defendants' motion is ripe for adjudication.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible

3

on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Finally, although pro se pleadings should be liberally construed, Hughes v. Lott 350 F.3d 1157, 1160 (11th Cir. 2003), that leniency does not allow the Court to "rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty of Escambia, Florida, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 556 U.S. 662.

### III. DISCUSSION

In the colloquial sense, Plaintiff has alleged that Defendants violated her privacy. Indeed, being searched upon entrance at a movie theater, concert hall, or football game appears to be one of modern life's more common and enduring aggravations. It may be the case, as Plaintiff alleges, that Defendants were not interested in theater security, but, instead, were concerned with patrons bringing outside food into the theater. If so, these Defendants would not be the first movie theater with this concern. But they may be the first to

4

have a federal lawsuit filed against them for allegedly violating their patrons' constitutional rights.

Unfortunately for Plaintiff, her case suffers from the common misconception that constitutional rights are enforceable against private businesses and individuals. In general, constitutions, including the United States Constitution, are restraints on governments' power. In this way, constitutions restrict the powers of government to, for instance, engage in unreasonable searches and seizures. U.S. Const. amend IV. Clarifying this point allows for clarity on a second, related point: plaintiffs may enforce most constitutional rights against the government, but not against private businesses and individuals. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978); Civil Rights Cases, 109 U.S. 3, 17-18 (1883). Accordingly, the under-color-of-state-law element of 42 U.S.C. § 1983 ensures that enforcement occurs only against state actors, usually the government. Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 (1982).

But, like any good legal rule, the rule prohibiting enforcement of constitutional rights against private persons has exceptions. These exceptions, however, are better understood to be instances where the private person's conduct "may be fairly treated as that of the state itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). Put simply, in these cases the private person is treated as a state actor for

5

purposes of 42 U.S.C. § 1983. The Eleventh Circuit has previously summarized the three primary tests that courts use to determine whether a private person is engaged in conduct under color of state law:

> (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." We must determine on a case-by-case basis whether sufficient state action is present from a non-state actor (defendant) to sustain a section 1983 claim.

Willis v. Univ. Health Serv., Inc., 993 F.2d 837, 840 (11th Cir. 1993) (quoting Nat'l Broad. Co. v. Commc'n Workers of Am., 860 F.2d 1022, 1026-27 (11th Cir. 1988)) (other citations omitted). The Eleventh Circuit has noted that the circumstances satisfying these tests are rare. Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).

Here, Plaintiff's Complaint alleges that Defendants, "acting under the color of state law," violated her Fourth Amendment rights. (Compl., Doc. 1, at 1). This is not a factual allegation, but is the quintessential legal conclusion

and a bare recital of the under-color-of-state-law element of a § 1983 claim. As such, the Court does not accept the allegation as true. See Iqbal, 556 U.S. at 678-79. In the end, the Complaint lacks any well-pleaded factual allegations that Defendants engaged in conduct that satisfies the any of the three state-action tests discussed above.

In Plaintiff's opposition brief, she asserts that Title 42, Chapter 21 of the United States Code "prohibits discrimination against persons based on age, disability, gender, race, national origin, and religion (among other things) in a number of settings . . . ." (Pl.'s Opp. Br., Doc. 8, at 1). Plaintiff is wise to look to statutes, rather than the Constitution, to determine whether Congress prohibited Defendants' candy confiscation conduct. The Complaint, however, makes clear that Plaintiff filed her suit under 42 U.S.C. § 1983 and not under one of the statutory prohibitions on private conduct. (Compl., Doc. 1, at 1). Any claim against Defendants must be raised in a pleading and cannot be asserted in a motion or brief. See Fed. R. Civ. Proc. 8(a). The Court, therefore, declines to speculate whether Defendant could be liable under an unspecified section of Title 42.

## IV. CONCLUSION

Because Plaintiff failed to sufficiently plead that Defendants acted under color of state law, her suit fails to

state a claim upon which relief can be granted. The Court, therefore, **GRANTS** Defendants' Motion to Dismiss (Doc. 7), and Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**. The Clerk shall **ENTER JUDGMENT** in favor of Defendants and **CLOSE THIS CASE**.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of December, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA